MORRIS NEWMAN, as Executor of and Trustee under the Will of LOUIS WEIN, Deceased, Appellant, *v.* HARRY PERLMAN et al., Respondents.

First Department, February 28, 1949.

*Copal Mintz* for appellant.

*Charles Rembar* of counsel (*Polier, Rembar & Midonick*, attorneys), for respondents.

*Per Curiam.* In the light of the written document in question, signed by all the parties, " effective May 1, 1948 ", the separate defense is factually deficient. Under the circumstances here presented defendant should set forth sufficient allegations of material facts tending to support the alleged actual lack of any intent by the parties to enter into and make the written contract. As in the rule applicable to pleading fraud in avoidance by way of defense, a defense of lack of intent must be alleged clearly and the material facts relied on manifesting such lack must be so set forth that the court, assuming on a motion to dismiss the truth of the facts alleged, may determine whether, as a matter of law, the factual allegations clearly show such lack of intent as, if proved at trial, would totally avoid the contract.

The order appealed from should be reversed and the motion to dismiss the separate defense granted for the reasons stated above, with leave to defendant to replead within ten days after service of the order to be entered herein.

PECK, P. J., DORE, CALLAHAN and VAN VOORHIS, JJ., concur; COHN, J., dissents and votes to affirm.

Order reversed, with $20 costs and disbursements to the appellant and the motion granted, with leave to the defendant to replead within ten days after service of the order, with notice of entry thereof, on payment of said costs.